| | |
|---|---|
| CORNABY'S LLC,<br><br>      Plaintiff/Counterdefendant,<br>v.<br><br>CARNET, LLC and CARMA<br>CHRISTENSEN;<br><br>      Defendants/Counterclaimants. | **MEMORADUM DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Case No. 2:14-cv-00462-JNP-DBP<br><br>District Judge Jill N. Parrish |

Before the court is Cornaby's LLC's motion for reconsideration. [Docket 125]. Cornaby's argues that the court's order granting in part and denying in part Carnet, LLC's motion for summary judgment on the trademark ownership issue was in error. "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is not an appropriate vehicle "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* Reviewing Cornaby's motion for reconsideration under this standard, the court determines that it has not committed clear error and DENIES the motion.

First, Cornaby's argues that the court clearly erred because the federal registration of the Ultra Gel trademark constituted prima facie evidence of Cornaby's nationwide ownership of the Ultra Gel trademark. *See* 15 U.S.C. § 1115(a) (mandating that a registration "shall be prima facie evidence of . . . the registrant's ownership of the mark"). The registration, however, does not constitute actual evidence of ownership that would create a dispute of material fact and preclude

summary judgment. In some circuits, the prima facie evidence language of section 1115(a) shifts the burden of production to the unregistered party, while in other circuits this language has been interpreted to shift the burden of persuasion. 6 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 32:138 (4th ed. 2016). The Tenth Circuit has indicated that section 1115(a) shifts the burden of persuasion, meaning that the unregistered party carries the burden of proving ownership by a preponderance of the evidence. *See Creative Gifts, Inc. v. UFO*, 235 F.3d 540, 545 (10th Cir. 2000). But the fact that Carnet, as an unregistered party, would carry the burden of proof at trial does not preclude summary judgment where the undisputed evidence shows that it acquired common law rights to the trademark before Cornaby's registered it. The registration did not excuse Cornaby's from presenting evidence that would create a dispute of fact regarding Carnet's preregistration common law rights. Thus, Carnet was entitled to summary judgment where Cornaby's failed to produce either any evidence of its own use of the Ultra Gel trademark outside of Utah or any evidence to refute Carnet's proof that it used the mark in all 50 states by 1999, continued to use it nationwide thereafter, and used the mark in advertising over the internet and in a national magazine.

Cornaby's also argues that the court improperly granted summary judgment on the issue of abandonment. On page 11 of its memorandum decision, the court reasoned:

> Given her modest use of the Ultra Gel Trademark for about three months in early 1993, followed by a cessation of her individual efforts for five years, Janet's pre-partnership use of the mark was too "sporadic, casual or transitory" to establish ownership of the mark in 1993. *See* [*La Societe Anonyme des Parfums le Galion v. Jean Patou, Inc.*, 495 F.2d 1265, 1271–72 (2d Cir. 1974).] Moreover, even if she had established an individual right to the trademark, she abandoned it when she became a member of a partnership that promoted Ultra Gel.

Focusing exclusively upon the court's alternative finding that even if Janet had established a trademark right, she abandoned it, Cornaby's argues that the issue of abandonment cannot be resolved as a matter of law. The court need not reach the merits of Cornaby's argument because it

does not address the core reasoning of the summary judgment order. The court's principal conclusion was that Janet's pre-partnership use of the trademark was too "sporadic, casual or transitory" to establish an ownership interest in the mark. *See La Societe Anonyme des Parfums*, 495 F.2d at 1271–72. Because Cornaby's does not assert that this conclusion was clearly erroneous, any error in the court's alternative abandonment finding would be harmless.

Cornaby's further argues that a dispute of material fact exists as to whether Janet licensed her trademark rights to the Carnet partnership, leaving her and her successor in interest, Cornaby's, with senior rights. Cornaby's argument fails for two reasons. First, the court has concluded that Janet did not establish a trademark right prior to entering into the Carnet partnership. She therefore had nothing to license. Second, there is no evidence to support Cornaby's license theory. "An implied license can arise from conduct of the parties from which the existence of an agreement could reasonably be inferred." *Novell, Inc. v. Network Trade Ctr., Inc.*, 25 F. Supp. 2d 1218, 1224 (D. Utah 1997). The evidence of an implied license cited by Cornaby's consists of Janet and David's deposition testimony that Janet had been the first to use the trademark in early 1993. But in order to imply a licensing agreement between Janet and her sister, Carma had to at least know that Janet owned a trademark right when they decided to enter into a partnership. Cornaby's does not present evidence that Janet publicly asserted an ownership interest in the Ultra Gel trademark before the sisters formed the partnership. Absent any evidence that Carma at least knew that Janet held senior rights to the trademark, the court cannot infer the existence of an implied licensing agreement.

Finally, Cornaby's presents several new arguments as to why summary judgment on the trademark ownership issue was improper. It argues for the first time that (1) Carnet's use of the mark did not create common law trademark rights outside of Idaho because it provided evidence

of only *de minimis* use of the mark, (2) the court's use of state boundaries to define territories was in error, and (3) the court failed to apply the market penetration test adopted by the Third Circuit, *see Lucent Info. Mgmt., Inc. v. Lucent Techs., Inc.*, 186 F.3d 311, 316–17 (3d Cir. 1999); 2 MᴄCᴀʀᴛʜʏ ᴏɴ Tʀᴀᴅᴇᴍᴀʀᴋꜱ ᴀɴᴅ Uɴꜰᴀɪʀ Cᴏᴍᴘᴇᴛɪᴛɪᴏɴ § 16:6 (4th ed. 2016). Cornaby's, however, may not raise new arguments in a motion for reconsideration. Such a motion is an inappropriate vehicle "to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of Paraclete*, 204 F.3d at 1012; *see also S.E.C. v. 4NExchange*, No. 03-4150, 2005 WL 1518838, at *2 (10th Cir. June 28, 2005) (issues raised for the first time in a motion for reconsideration are not preserved for appellate review).

The injustice of permitting Cornaby's to raise arguments for the first time in a motion for reconsideration is apparent in this case. Absent any indication that Cornaby's would argue that Carma's use of the trademark was *de minimis*, Carnet had no notice of a need to provide detailed sales data and advertising efforts after 2000 other than Carma's declaration that she continued to sell Ultra Gel nationwide. Additionally, Cornaby's did not object to Carnet's division of sales data on a state-by-state basis or propose some other methodology for defining the territorial reach of common law trademark rights, depriving Carnet of an opportunity to respond to the argument or adjust the presentation of its evidence. Finally, Cornaby's never suggested in the summary judgment proceedings that the Tenth Circuit had or should adopt the Third Circuit market penetration test. The parties have not had an opportunity to brief this legal argument or present evidence for the four elements of the test. The court, therefore, will not address these new arguments presented in the motion for reconsideration.

In sum, the court determines that it has not committed clear error. Nor has Cornaby's established any other legitimate reason for granting a motion for reconsideration. The court therefore DENIES Cornaby's motion.

Signed October 20, 2017.

BY THE COURT

Jill N. Parrish
United States District Court Judge